WILLIAM P. HAMBLIN ET AL. v. HENRY WARNECKE ET UX.

The county court can only order a sale of property where it is necessary to pay debts.

As the homestead is exempt from forced sale by the 22d section of the 7th article of the constitution, neither the county court nor a court of general jurisdiction has the right to order a forced sale of it. (Paschal's Dig., p. 65, Note 198.)

To constitute an administrator's sale there must be a vendor and vendee, as well as a consideration; and where the administrator sells and buys the sale is a nullity.

APPEAL from Harris. The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

The facts necessary to understand the points decided are given in the opinion of the court.

*Brady, Hamlin,* and *Turner,* for appellants, gave a full history of the pleadings and proceedings, whereby it appeared that the property in controversy was the homestead of the father of the plaintiffs and his family when he died; that the widow, not being able to occupy it, lived with a friend, and that on the petition of the administrator it was ordered to be sold for the support of the wife and children. The whole question was as to the right of the administrator to sell the homestead as against the widow and children. The jury found against the sale on several special issues, upon which finding there was judgment, from which the defendants appealed.

I. The county court had general jurisdiction of the subject-matter, and, having determined that the homestead had been abandoned and decreed the sale, the judgment was conclusive as to the rights of the heirs. (Alexander v. Maverick, 18 Tex., 194; Tucker v. Harris, 13 Ga., 1.)

II. The sale does not come within the definition of a forced sale. (Sampson v. Williams, 6 Tex., 110.)

III. Four years elapsed between the sale and the commencement of the suit, which was too long a period. The suspension of the statute was not saved by the limitation or convention ordinance. (Paschal's Dig., Art. 4631*a*.)

IV. Whether the bidder purchased for the administrator or not, the defendants were not charged with notice of fraud. The deeds from the administrator to the purchaser and from the purchaser to the administrator was no notice. (Sims v. Slocum, 3 Cranch., 306; Story's Eq. Jur., 409.)

The purchasers had only to look to the order of sale and the confirmation.

*Henderson & Johnstone,* for appellees.

LATIMER, J.—The facts, as appears from the record in this case, are, that one Blobel was, previous to his death, the owner of the twenty acres of land in controversy, and,

with his wife and children, occupied the same as a home-stead at the time of his death; that the widow and chil-dren removed from the premises, but never acquired any other residence, and the only real estate that said Blobel owned at his death, or that the widow and children of said Blobel owned, occupied, or pretended to own or possess since, was the said homestead.

That there was an administrator on the estate of the deceased, an order of the county court for the sale of said land, a form of sale, and a confirmation of the sale by the court; a deed from the administrator to the purchaser; a deed from the purchaser to the administrator, both deeds being of the same date; and that the sale made by the administrator, or pretended sale, was in reality a fiction, as the pretended purchaser made the bid for and at the request of the administrator, and no consideration was ever paid by either to the other.

The records in the case, on file in the county court, show that at the time the order of sale was made objections to the same were made by the guardian of the children, who claimed the land as the homestead of his wards.

Afterwards the administrator died, and his widow, as sole inheritor of the community property, sold said land to plaintiff. The widow of said Blobel having died, suit is brought by the heirs for the recovery of the land.

The first question that arises in this case is, could this land be sold by the administrator?

Before any sale could have been ordered it must have appeared to the county court that this was necessary to pay the debts of the estate, and those debts must not be barred by the statute of limitation. As this order of sale was made in 1850, and as the constitution of 1845 declares that the homestead of a family, not to exceed two hundred acres of land, shall not be subject to forced sale for any debts thereafter contracted, if this land was the homestead neither the county court nor a court of general jurisdiction could

order the forced sale of it.   It seems to us that the facts in this case leave no other alternative than that this land was the homestead.

But, admitting the court had jurisdiction of the matter, was there a sale by the administrator?  To constitute a sale, there must be a vendor and vendee, as well as a consideration.   The pretence of the administrator making a sale to himself through an agency is in reality no sale.  We conclude, therefore, in the first place, that the county court had no power to order the sale; second, the administrator had no power to sell; third, the administrator did not sell. The deed made to the plaintiff in error by the widow of the administrator could convey no greater title than she had, which was no title at all.   As the plaintiffs claim by a title of warranty, their recourse is upon the warranty.   Had they taken the precaution to have examined the chain of title, they would and could have been fully notified of all the facts in the case, and whether they had actual notice or not the record does not disclose; but they certainly had what in law is equivalent.   We have not deemed it necessary to enter into arguments to substantiate the principles herein laid down, but refer to former decisions of this court. (Withers v. Patterson, 27 Tex., 491 ; Shepard v. Cassidy, 20 Tex., 29;  Wood v. Wheeler, 7 Tex., 13.)

JUDGMENT AFFIRMED.